IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRIDGETTE V. WEAVER,** | ) |
| Plaintiff, | ) |
| v. | ) No. 07 C 2538 |
| **BORGWARNER TRANSMISSION SYSTEMS, INC.,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bridgette Weaver ("Weaver") filed this employment discrimination suit against her former employer, BorgWarner Transmission Systems, Inc. ("BorgWarner"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Illinois Workers' Compensation Act, 820 ILCS 305/1 et seq. BorgWarner has moved for summary judgment, arguing that Weaver's suit must be dismissed because she provided false information on the financial affidavit she submitted in applying to proceed *in forma pauperis*. For the reasons explained below, BorgWarner's motion is granted.

**I.**

Summary judgment is appropriate where the record shows that

there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**II.**

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, § 1915(a) "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit." *Id.* The statute also provides, however, that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Indeed, the following statement appears directly above the financial affidavit's signature line: "I declare under penalty of perjury that the above information is true and correct. I understand that pursuant to 28 U.S.C. § 1915(a)(2)(A), the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue."

Weaver filed her financial affidavit on May 7, 2007. *See* Dkt. #4. In answering the questions asked on the application form, Weaver represented that her income in the twelve months prior to her application was limited to monthly wages totaling approximately $500.00 (received through November 2006 for employment with United

Parcel Service), and "General Assistance" totaling $118.00. Dkt. #4. Weaver's signature appears on the form, directly below the declaration affirming that the information on the form is true and that the "court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue." Dkt. #4.

BorgWarner has adduced evidence showing that during the year 2006, Weaver actually collected at least $93,915.00 in gambling earnings, and that she collected approximately $12,000 in unemployment compensation benefits. According to her 2006 federal income tax returns, her total income for that year was $199,868.00. Moreover, BorgWarner points to evidence showing that Weaver had earned at least $93,000 of this amount during the twelve months prior to the filing of her *in forma pauperis* application. In short, BorgWarner's evidence suggests that Weaver was dissembling when she represented that she earned only the amounts listed on her *in forma pauperis* affidavit.

Weaver makes no attempt to dispute BorgWarner's contentions. Instead, she offers a variety of exculpatory explanations. Although her precise claims are not always easy to decipher from her response brief, her main contentions appear to be that: (1) even though her gambling earnings amounted to roughly $90,000, her gambling losses exceeded her winnings; (2) she filed the *in forma pauperis* application on the advice of an attorney; (3) BorgWarner's motion is barred by the doctrine of laches because it failed to

bring the instant motion until now, despite the fact that Weaver's former counsel had disclosed Weaver's true financial condition during 2006; and (4) that BorgWarner's violation of her civil rights outweighs her failure to comply with § 1915(e)(2)(A). None of these claims is persuasive.

To begin with, it should be noted that none of Weaver's claims is supported by a citation to record evidence. Indeed, Weaver has completely ignored Northern District of Illinois Local Rule 56.1. In particular, Local Rule 56.1(b)(3) requires a non-moving party on a motion for summary judgment to provide "a response to each numbered paragraph in the moving party's [Rule 56.1] statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). Weaver has filed no Rule 56.1(b)(3)(B) Statement. Nor is there a single citation to the record in her response brief. And while Weaver has filed several volumes of exhibits along with her brief, the bulk of this material is related to her underlying discrimination claims against BorgWarner, and thus bears little relevance to the issues in question here.

Weaver's failure to comply with Local Rule 56.1 alone constitutes a sufficient basis for granting summary judgment in BorgWarner's favor. It is well-settled that "[w]hen a responding party's statement fails to dispute the facts set forth in the

moving party's statement in the manner dictated by [Rule 56.1], those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Since Weaver has failed to properly oppose any of BorgWarner's statements of fact, all of BorgWarner's statements that are fairly supported by the evidence are deemed admitted. As courts have observed, this is essentially tantamount to granting summary judgment in the moving party's favor. *See, e.g.*, *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted.").

To be sure, district courts are required to construe *pro se* pleadings liberally. *See, e.g.*, *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). As the Seventh Circuit has explained, however, "[t]he essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Id.* Here, Weaver has not simply stumbled upon a technicality. Rather, her failure to comply with Local Rule 56.1 is absolute. The requirement that *pro se* pleadings be construed liberally does not permit Weaver a dispensation of this magnitude from this District's local rules.

Even putting aside Weaver's failure to cite any evidence in support of her claims, it is abundantly clear that none of her

responses to BorgWarner's motion succeeds on the merits. For example, although Weaver suggests that her gambling losses exceeded her winnings, the record indicates the contrary. For example, BorgWarner points to two documents showing Weaver's gambling losses. One of these reflects total losses of $5,379.00 and the other reflects losses of $14,372.71. On the other hand, the same document shows annual winnings of $114,161.00. *See* BorgWarner Reply Br., Exs. J & K.

Similarly, I am unpersuaded by Weaver's claim that an attorney instructed her to file an application to proceed *in forma pauperis*. Even if this is true, Weaver remains culpable for violating § 1915. Importantly, Weaver does not claim that her attorney instructed her to omit information about her earnings or to be deceptive in completing the form. The fact that she may have filed the application on an attorney's advice, therefore, is beside the point.

Nor am I persuaded by Weaver's claim that BorgWarner's violation of her civil rights should somehow excuse her violation of § 1915. Weaver's characterization of her conduct as having been "in good faith" is tendentious, as is her claim that BorgWarner violated her civil rights. Obviously, at this stage of the litigation, there has been no showing that BorgWarner violated Weaver's rights, much less that the violation was intentional, blatant, malicious, and wanton.

It is perhaps worth noting that Weaver's responses are asserted in only the most equivocal, oblique, and diffident terms. For example, instead of claiming that her gambling losses exceeded her winnings, she states that she "appears" to have more losses than winnings. Likewise, instead of asserting that her former attorney shared her 2006 financial information with BorgWarner long before the instant motion, Weaver says that she "believes" that her information was shared with BorgWarner at this earlier time. And although in her response brief, Weaver vaguely alludes to falsified documents, she never makes any unambiguous assertion that her *in forma pauperis* application was falsified by a third party. Even her final argument is framed as a question: "Which violation occurred first. The intentional, blatant, malicious, and wanton violations of the plaintiffs civil rights; or the Good faith effort of plaintiff relying on the expertise of a legal expert?" Pl.'s Resp. at 2. The only violation that has been established is Weaver's. And on the record before the court, the violation does not appear to have been committed in good faith.

### III.

As noted above, when § 1915 has been violated, dismissal is mandatory. *See* 28 U.S.C. § 1915(e)(2)(A) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.")(emphasis added).

Weaver's representations on her *in forma pauperis* affidavit were undeniably false. Hence, I would be constrained to dismiss her suit even if I were otherwise not inclined to do so. The only question remaining is whether her suit should be dismissed with prejudice. The Seventh Circuit has clearly held that a district court's "authority to impose such a sanction in an appropriate case is beyond question." *See, e.g.*, *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (noting that judges have the authority to dismiss with prejudice for violations of § 1915(e) in appropriate cases).

Under these circumstances, I conclude that Weaver's suit should be dismissed with prejudice. Far from being indigent, Weaver's total income for 2006 was nearly $200,000, and it is undisputed that she earned at least $93,000 of this amount during the twelve months prior to the filing of her *in forma pauperis* application. In addition, the record suggests that Weaver tried to avoid revealing her true financial condition throughout the litigation. It was only in February 2009 that she disclosed her federal tax returns for the years 2004, 2005, and 2006; and it was only after I granted BorgWarner's motion to compel in October, 2009 that Weaver finally produced her W2-G statements indicating her gambling earnings for the year 2006. Furthermore, Weaver has made no effort to assist the court in adjudicating her suit by complying with this District's local rules. In light of this conduct,

Weaver's suit must be dismissed with prejudice.

**IV.**

For the reasons discussed above, BorgWarner's motion for summary judgment is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 14, 2009